UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAJAH FERGUSON | CIVIL ACTION |
| VERSUS | NO. 18-11411 |
| LAUREN CAGE, JACQUELINE CAGE, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION M (1) |

## ORDER & REASONS

**I.  BACKGROUND & PENDING MOTIONS**

This car accident tort case was removed from the Civil District Court for the Parish of Orleans on November 11, 2018, pursuant to 28 U.S.C. § 1332.[1] The plaintiff, Najah Ferguson, filed a motion to remand, stating that the amount in controversy does not exceed $75,000, thereby depriving the Court of federal subject matter jurisdiction under 28 U.S.C. § 1332.[2] The defendants, Lauren Cage, Jacqueline Cage, and State Farm Mutual Automobile Insurance Company, do not oppose the motion to remand.[3]

**II.  LAW & ANALYSIS**

    **A.  Standard**

Under 28 U.S.C. § 1332, a federal district court has original jurisdiction of civil actions where the parties are diverse and the amount in controversy exceeds $75,000. A defendant may remove from state court to the proper United States district court "any civil action brought in a

---

[1] R. Doc. 1 at 1.
[2] R. Docs. 7; 7-1 at 4.
[3] R. Doc. 9.

1

State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

Where the removal is based on diversity of citizenship, the sum demanded in good faith in the initial pleading is deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). If the plaintiff seeks nonmonetary relief, or, if the plaintiff seeks monetary relief, but state law prohibits the amount from being pleaded or permits recovery in excess of the amount demanded, the notice of removal may state the amount in controversy. *Id.* § 1446(c)(2)(A). If the federal court finds by a preponderance of the evidence that the amount in controversy at the time of removal did not exceed $75,000, the federal court never had federal subject matter jurisdiction, and the case must be remanded. *Id.* § 1446(c)(2)(B); *see Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

In Louisiana state actions where no monetary damages are asserted, the Fifth Circuit has articulated a standard for evaluating the amount in controversy:

> In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."

*Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

B. Analysis

The Louisiana state petition here seeks monetary relief but does not state an amount.[4] The defendant's notice of removal describes the plaintiff's claims of personal injuries she sustained in the car accident, pain and suffering, medical expenses and lost wages, and alleged bad faith on the part of the defendants.[5] However, in support of her motion to remand, the plaintiff submits an affidavit and binding stipulation asserting that her claims do not exceed $75,000.[6] The plaintiff further explains that she did not make a jury demand in her state court petition because she did not believe that her damages exceeded $50,000, the threshold to make such a demand. Additionally, the plaintiff alleges that special damages of medical expenses and lost wages amount to roughly $13,000, that the defendants' settlement offers have been well below $20,000 to date, and that the plaintiff's current and outstanding settlement offer is in the amount of $23,500.[7]

Given that the defendants do not contest the foregoing evidence, this Court finds that the defendants have not met their burden of proving that the amount in controversy exceeds $75,000. *See Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (noting that binding affidavits or stipulations may be considered for purposes of determining the amount in controversy). Accordingly, this Court is without jurisdiction, and the matter must be remanded.

III. CONCLUSION

In consideration of the foregoing reasons,

**IT IS ORDERED** that the Motion to Remand to State Court (R. Doc. 7), filed on behalf of Plaintiff, Najah Ferguson, is GRANTED.

---

[4] R. Doc. 1-1 at 1-6.
[5] R. Doc. 1 at 5.
[6] R. Doc. 7-3.
[7] R. Doc. 7-1 at 5-6.

New Orleans, Louisiana, this 14th day of January, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE